IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14 C 5145 |
| ) | |
| MICHAEL HERRIN, STANDARD ) | |
| FINANCIAL SERVICES, INC., and ) | |
| TRUCKDRIVER INSTITUTE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Martin Garcia has sued Michael Herrin, Truck Driver Institute, Inc. (TDI), and Standard Financial Services, Inc. (SFS) under the Fair Debt Collection Practices Act (FDCPA) and the Illinois Consumer Fraud Act (ICFA). TDI and SFS have moved to dismiss Garcia's ICFA claim, Count 2 of his first amended complaint, for failure to state a claim. For the reasons stated below, the Court denies defendants' motion to dismiss Count 2.

### Background

For the purpose of the motion to dismiss, the Court accepts as true the facts alleged in Garcia's complaint. The lawsuit concerns the defendants' attempt to collect from Garcia a debt arising from a contract he signed to obtain training from TDI. SFS, which Garcia alleges is under common control with TDI, evidently acquired Garcia's contract and the resulting debt. Herrin, an attorney who Garcia says described himself

as SFS's "house counsel," sent communications to Garcia to collect the debt.

Garcia alleges that under Illinois law as it existed at the time he signed the contract with TDI, he was entitled to cancel the contract within five days of signing it, and he did so. Am. Compl. ¶¶ 42-43, 46, 52. As a result, Garcia alleges, defendants were attempting to collect a non-existent debt. In Count 1, Garcia alleges that defendants' collection attempts violate the FDCPA. In Count 2, Garcia claims that defendants' attempts to collect violate the ICFA. *Id.* at ¶ 70-71.

Garcia's contention that he was entitled to cancel the contract arises from an Illinois statute called the Private Business and Vocational Schools Act ("the Act"), which at the relevant time was found at 105 ILCS 425/1. The statute provided that "enrollment agreements" with a school covered by the Act had to clearly disclose the student's right to cancel and obtain a full refund of any funds paid within five business days after the student's acceptance at the school. 105 ILCS 425/15.1 (2009). The statute further provided that a school's failure to make the required disclosures constituted an unlawful practice under the ICFA. 105 ILCS 425/25.2 (2009). Garcia alleges that the defendants violated the ICFA by failing to make the disclosures and by attempting to collect on the debt, which he contends he no longer owed once he cancelled the contract.

Defendants argue that TDI was not subject to the Act. They rely on a provision of the Act that excluded educational institutions that prepare individuals for professions subject to licensing or registration under state statute. *See* 105 ILCS 425/1 (2009). This exclusion applies, defendants say, because operation of a commercial vehicle requires an individual to obtain and maintain a commercial driver's license. Garcia argues that commercial truck driving is not a "profession" and thus that the statutory

exclusion does not apply.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). "When reviewing a motion to dismiss, [courts] accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff." *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010).

Resolution of defendants' motion turns on whether the school operated by TDI was a "private business and vocational school." within the meaning of the Act as it existed in 2009. The Act defined a "private business and vocational school" as

> an educational institution privately owned or operated by a person, partnership, corporation, or other entity offering courses of instruction for which tuition is charged, whether such courses of instruction are offered on site, through correspondence, by distance education, or by other methods, to prepare individuals to do any of the following:
>
> (1) To follow a trade or artistic occupation.
>
> (2) To pursue a manual, mechanical, technical, industrial, business, commercial, office, personal service (other than nursing), or other non-professional occupation.
>
> (3) To follow a profession, if the profession is not subject to licensing or registration under any existing State statute requiring the licensing or registration of persons practicing such profession or if the school is not subject to the regulation of the agency with such licensing or registration authority.
>
> (4) To improve, enhance, or add to the skills and abilities of the individual relative to occupational responsibilities or career opportunities.

105 ILCS 425/1 (2009).

Commercial vehicle driving is unquestionably a "trade." Defendants argue, however, that it is also a "profession," and one that is subject to licensing. It is undisputed that commercial drivers must be licensed by the Secretary of State. Thus if defendants are right that commercial vehicle driving is a "profession" as the Act uses that term, then the exception in subparagraph (3) quoted above applies.

Defendants say that if the particular occupation requires a license, then a school training someone for the occupation is a school that trains one for a profession. The Court does not agree; defendants are essentially reading the statute in reverse. The Act does not say that if the occupation requires a license, then it is a profession. Rather, the Act says that if a school prepares one to follow a profession, then the school is covered by the Act, unless the profession is one that requires a license. Thus the threshold question is whether a school educates individuals to follow a profession. Only if the answer to that question is yes does the licensing issue become pertinent.

When interpreting a statute, a court first looks to the statute's language and gives effect to its plain and ordinary meaning. *See, e.g., Brunton v. Kruger*, 2015 IL 117663, ¶ 24, 32 N.E.3d 567, 571 (Ill. 2015). In common parlance, a profession is an occupation that requires specialized knowledge and academic preparation. *See, e.g.*, Merriam-Webster Dictionary Online, available at http://www.merriam-webster.com/dictionary/profession (last visited Aug. 9, 2015). Truck driving certainly requires skill and training, but it is not a "profession" in the plain and ordinary meaning of that term. Thus a school that trains individuals to drive trucks is not a school that "prepares individuals . . . [t]o follow a profession." 105 ILCS 425/1 (2009). The

licensing exception for professional schools cited by defendants therefore does not apply.

For these reasons, the Court rejects defendants' contention that TDI was not subject to the requirements of the Private Business and Vocational Schools Act. Because defendants' argument for dismissal of Garcia's ICFA claim turns on that contention, the Court declines to dismiss Count 2 of Garcia's amended complaint.

## Conclusion

For the reasons stated above, this Court denies defendants' motion to dismiss Count 2 of Garcia's amended complaint [dkt. no. 53].

Date: August 10, 2015

_____
MATTHEW F. KENNELLY
United States District Judge